UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE JONES,<br><br>Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP, President, *et al.*,<br><br>Defendants. | Civil Action No. 25-401 (UNA) |

**MEMORANDUM OPINION AND ORDER**

Hours after his inauguration, President Donald J. Trump signed an Executive Order entitled, "Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government."  That order, as relevant here, mandates the transfer of transgender women incarcerated in federal prison to men's facilities and prohibits the expenditure of federal funds "for any medical procedure, treatment, or drug for the purpose of conforming an inmate's appearance to that of the opposite sex."  E.O. 14166, § 4(c); see id., § 4(a).  Plaintiff is a transgender woman currently incarcerated in women's facilities run by the federal Bureau of Prisons.  See ECF Nos. 4 (Mot.) at 1; 1 (Compl.) at 1–2.  She has brought this suit to enjoin the order, arguing that it violates the Fifth and Eighth Amendments to the Constitution, the Rehabilitation Act of 1973, and the Administrative Procedure Act.  See Compl. at 15–24; Mot. at 1.  She has also filed a Motion to Proceed under Pseudonym, Partially Under Seal, and for a Protective Order, citing various safety and privacy concerns.  The Court will largely grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.  See LCvR 40.7(f) (providing that Chief Judge shall "hear and

1

determine . . . motion[s] to file a pseudonymous complaint"); id. 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

I.  **Legal Standard**

Complaints must typically identify a plaintiff.  See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1).  This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings."  In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
> (3) the ages of the persons whose privacy interests are sought to be protected;
> (4) whether the action is against a governmental or private party; and relatedly,
> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

Generally, a plaintiff filing a civil complaint must also file on the public docket. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). "The starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." Hardaway v. D.C. Hous. Auth., 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting EEOC v. Nat'l Children's Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996)). When a party seeks to overcome this presumption and seal court records, courts engage in the six-factor inquiry described in United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980). Those factors are:

> (1) the need for public access to the documents at issue;
> (2) the extent of previous public access to the documents;
> (3) the fact that someone has objected to disclosure, and the identity of that person;
> (4) the strength of any property and privacy interests asserted;
> (5) the possibility of prejudice to those opposing disclosure; and
> (6) the purposes for which the documents were introduced during the judicial proceedings.

Nat'l Children's Ctr., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22).

**II.    Analysis**

The Court separately addresses pseudonymity and then sealing.

A.    Pseudonymity

Plaintiff has met her burden to show that her privacy and safety interests outweigh the public's presumptive and substantial interest in learning her identity.

First, as the Complaint makes clear, Plaintiff does not seek to proceed under a pseudonym "merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal nature." In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original). Our Circuit has held that a sensitive or highly personal matter "commonly involves intimate issues such as sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of abused

3

minors." In re Sealed Case, 971 F.3d at 327 (medical information is considered sensitive and highly personal information); see also Charles H. v. Dist. of Columbia, 2021 WL 6619327, at *2 (D.D.C. Apr. 9, 2021) ("The . . . medical histories of plaintiffs . . . are paradigmatically sensitive and highly personal.") (cleaned up). Plaintiff states that her "bodily autonomy as well as her mental and physical health" are integral to this case. See Mot. at 5; see also Compl. at 2 ("Jane Jones is diagnosed with gender dysphoria, a rare but serious medical condition and disability."). This factor thus weighs in favor of granting the Motion.

The second factor concerning the "risk of retaliatory physical or mental harm" to Plaintiff also favors proceeding under a pseudonym. See In re Sealed Case, 971 F.3d at 326 (citation omitted). Plaintiff asserts that having her sexual and medical history available to the public would cause her "severe anxiety and stress." See Mot. at 5. She continues that her suit will also likely gain significant coverage in the press, so if she is not granted anonymity, she could face widespread criticism from the public and retaliation from prison staff. See id. at 5–6. To be sure, she does not attach an affidavit supporting these claims, cf. Sponsor v. Mayorkas, 2023 WL 2598685, at *2 (D.D.C. Mar. 22, 2023) (referencing affidavits in support of motion), and "[d]iscovery may well render [these] concerns unsupported and unwarranted." Doe v. Fed. Republic of Germany, 2023 WL 4744154, at *3 (D.D.C. July 3, 2023). At this stage, however, the Court finds that the allegations in the Complaint are sufficient to establish that revealing Plaintiff's name in connection with this litigation would subject her to "criticism, abuse, or psychological trauma." See Mot. at 5–6. This factor therefore supports granting the Motion.

The third factor cuts the other way. Plaintiff is not a minor and does not allege that disclosure of her identity would affect the safety or welfare of any minor. See In re Sealed Case, 971 F.3d at 326.

4

The fourth factor weighs towards disclosure. Typically, "anonymous litigation is more acceptable when the defendant is a governmental body because government defendants 'do not share the concerns about "reputation" that private individuals have when they are publicly charged with wrongdoing.'" J.W. v. Dist. of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) (quoting Doe v. Cabrera, 307 F.R.D. 1, 8 (D.D.C. 2014)); see also Doe 1 v. George Wash. Univ., 369 F. Supp. 3d 49, 66 (D.D.C. 2019) (same). Analysis of this factor, however, also involves evaluating whether Plaintiff is requesting individual relief. See, e.g., Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op.) at 5 (D.D.C. June 11, 2024) ("When a plaintiff requests individualized relief against a government defendant — as here, where Doe challenges a yearlong delay in adjudicating his SIV application — the fourth factor favors pseudonymity.") (citation omitted); Doe v. ICE, No. 24-617, ECF No. 9 (Mem. Op.) at 5 (D.D.C. Mar. 8, 2024) (factor supported pseudonymity where "[p]laintiff allege[d] deficiencies in ICE's compliance with FOIA solely with respect to his individual request"). In this case, Plaintiff requests a permanent injunction prohibiting Defendants from implementing parts of E.O. 14166, which would provide more than individualized relief. See Compl. at 24. This factor thus favors disclosure.

The fifth and final factor lends further support to Plaintiff's Motion. The Government would suffer no unfairness if the Motion were granted because it is already aware of Plaintiff's identity. See Mot. at 6; In re Sealed Case, 971 F.3d at 326 n.1 (explaining that this factor is "not implicated" where defendant knows plaintiff's identity). Upon the filing of the pseudonymous Complaint, Defendants will remain free to request any further information they deem necessary to the full and fair defense of the case, and Plaintiff will remain free to object.

In sum, although the third and fourth factors weigh against granting the Motion, the remaining factors favor permitting Plaintiff to proceed under a pseudonym at this stage.

B.     Sealing

Plaintiff also seeks to seal limited information that could help identify her.  The Court finds that she has met her burden to overcome the presumption in favor of public access to court records.  It will address each Hubbard factor in turn.

The first, "the need for public access to the documents at issue," weighs in favor of sealing.  Hubbard, 650 F.2d at 317.  To start, the presumption of transparency is normally "accentuated in cases" like this one "where the government is a party," United States v. All Assets Held at Bank Julius Baer & Co., 520 F. Supp. 3d 71, 81 (D.D.C. 2020) (quoting Nat'l Children's Ctr., 98 F.3d at 1409), even though this civil action is not the sort of traditional criminal proceeding to which courts have attached a heightened public interest.  See Hubbard, 650 F.2d at 317; Hyatt v. Lee, 251 F. Supp. 3d 181, 184 (D.D.C. 2017) ("The interest of the public and press in access to civil proceedings is at its apex when the government is a party to the litigation.  Indeed, the public has a strong interest in monitoring not only functions of the courts but also the positions that its elected officials and government agencies take in litigation.") (citation omitted).  The Complaint also implicates a policy adopted by the new presidential administration touching on a topic of intense public controversy, which argues in favor of disclosure.  The redacted portions of the Complaint, however, are not critical in aiding the public's understanding of the allegations made; indeed, Plaintiff proposes only very limited redactions, which serve merely to obscure information that identifies her as well as details of her medical history and treatments.  See Mot. at 7; e.g., Compl., ¶¶ 2, 4, 30–35.  This more

6

"targeted" request tips this factor in favor of sealing. See Monbo v. United States, 2023 WL 7129866, at *1 (D.D.C. Sept. 7, 2023).

The second factor similarly counsels in favor of sealing. In assessing this factor, a court "should consider the public's previous access to the sealed information, not its previous access to the information available in the overall lawsuit." CNN v. FBI, 984 F.3d 114, 119 (D.C. Cir. 2021). There is no doubt that the public has access to the overall subject of this suit — namely, constitutional and statutory challenges brought by federal prison inmates to President Trump's recent executive order on "gender ideology." Plaintiff, after all, has filed a redacted Complaint on the docket. To the Court's knowledge, by contrast, the public has never had access to the information hiding beneath current redactions. See Mot. at 7 ("[T]here has been no previous public access to these documents, as they are being filed for the first time."). This factor thus weighs in favor of sealing, too.

The third factor follows suit. "[T]he fact that a party moves to seal the record weighs in favor of the party's motion." Zapp v. Zhenli Ye Gon, 746 F. Supp. 2d 145, 149 (D.D.C. 2010). As is customary at this stage, no objection to the Motion has been lodged.

The fourth Hubbard factor, "the strength of any property and privacy interests asserted," weighs strongly in favor of sealing. Nat'l Children's Ctr., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22). Hubbard itself contemplated that "[v]alid privacy interests might be asserted . . . in documents which reveal the intimate details of individual lives, sexual or otherwise." 650 F.2d at 324. Plaintiff seeks to seal information that personally identifies her and details her medical treatments and diagnoses. See Mot. at 7. District courts here regularly permit parties to proceed under a pseudonym in such circumstances, see, e.g., C. v. Dist. of Columbia, No. 23-1139, ECF No. 5 (Mem. Op.) at 3 (D.D.C. Apr. 27, 2023); Doe v. Spahn, No.

23-2859, ECF No. 7 (Mem. Op.) at 3 (D.D.C. Oct. 2, 2023), and those reasons weigh heavily in favor of sealing here, too.

The fifth factor, which considers whether disclosure will prejudice the party seeking the seal, weighs in favor of disclosure. Plaintiff mistakenly suggests that "prejudice" here is a synonym for a general measure of "harm." See Mot. at 8 ("These categories of information must be redacted and sealed in order to prevent Ms. Jones from the harms of publicizing her identity."). But the appropriate analysis is whether she would be legally prejudiced by disclosure. See All Assets Held at Bank Julius Baer & Co., 520 F. Supp. 3d at 85 ("The possibility of prejudice refers to 'whether disclosure of the documents will lead to prejudice in future litigation to the party seeking the seal.'") (quoting United States ex rel. Durham v. Prospect Waterproofing, Inc., 818 F. Supp. 2d 64, 68 (D.D.C. 2011)); Friedman v. Sebelius, 672 F. Supp. 2d 54, 60 (D.D.C. 2009) ("The fifth Hubbard factor considers whether disclosure of the documents will lead to prejudice in future litigation to the party seeking the seal."). As Plaintiff has identified no such prejudice, this factor weighs against her. See Guttenberg v. Emery, 26 F. Supp. 3d 88, 96–97 (D.D.C. 2014).

The sixth and final factor concerns "the purposes for which the documents were introduced." Nat'l Children's Ctr., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22). Disclosure is the norm where "the parties explicitly intended the Court to rely on [the sealed] materials in adjudicating their dispute." Vanda Pharms., Inc. v. FDA, 539 F. Supp. 3d 44, 57 (D.D.C. 2021) (quoting Berliner Corcoran & Rowe LLP v. Orian, 662 F. Supp. 2d 130, 135 (D.D.C. 2009)). Where a party seeks to seal only limited portions of the pleadings that are not at issue in the case, however, this factor can favor sealing. See Gilliard v. McWilliams, 2019 WL 3304707, at *5 (D.D.C. July 23, 2019) ("There is 'less of a pressing concern to unseal [records]

if they are not relevant to the claims.'") (quoting Durham, 818 F. Supp. 2d at 69). Here, the sixth factor thus weighs in favor of sealing.

At the end of the day, only one Hubbard factor favors disclosure. The Court will thus grant Plaintiff's request to seal limited portions of the Complaint. As she has already filed a redacted Complaint on the public docket, the Court will grant her request to retain it there.

### III. Conclusion

The Court accordingly ORDERS that:

1. Plaintiff's [3] Motion to Proceed Under Pseudonym, Partially Seal Documents, and for a Protective Order is GRANTED;

2. All parties shall use the pseudonym listed in the Complaint and redact information that would identify Plaintiff in all documents filed in this action;

3. Defendants shall not disclose Plaintiff's identity to any third party unless such disclosure is necessary to defend against this action;

4. Plaintiff's [1] redacted Complaint shall remain on the public docket; and

5. Within five days of this Order, Plaintiff shall file on the public docket:

    a. An unredacted version of her Complaint, filed under seal; and

    b. A declaration containing her real name and residential address, filed under seal.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: February 13, 2025