## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE JONES,<br><br>                    Plaintiff,<br><br>v.<br><br><br><br>DONALD TRUMP, in his official capacity as President of the United States; JAMES R. MCHENRY III, in his official capacity as Acting Attorney General of the United States; WILLIAM LOTHROP, in his official capacity as Acting Director of the Federal Bureau of Prisons,<br><br>                    Defendants. | Civil Action No. 25-cv-00401-RCL<br><br><br><br>**SUPPLEMENTAL DECLARATION OF JENNIFER FIORICA DELGADO IN SUPPORT OF PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

I, Jennifer Fiorica Delgado, Esq., of full age, do hereby declare as follows:

1.      I am an attorney in good standing with the United States District Court for the District of Columbia Bar and licensed to practice law in said Court, as well as in New York and New Jersey.  I make the following declaration based on personal knowledge and pursuant to Fed. R. Civ. P. 65(b).

2.      Beginning on February 18, 2025, Defendants' counsel, Mr. John J. Robinson, Esq., and I began exchanging emails concerning the above-captioned matter.  A true and correct copy of the referenced email exchange is attached hereto as **Exhibit A**.  Initially, Mr. Robinson asked for copies of unredacted documents filed under seal, as well as the real name and prisoner ID number for Ms. Jones.  We provided the requested information the following day.

3.      In addition to exchanging emails, Mr. Robinson and I also spoke on the telephone twice: once on February 19, 2025, and once on February 20, 2025.  On those calls, I asked Mr. Robinson whether Defendants would consent to entry of a preliminary injunction or temporary

restraining order ("TRO") with the same relief provided in the preliminary injunction order entered by the Court in *Doe v. McHenry* ("*Doe*"), No. 25-cv-286-RCL, ECF No. 44.  He did not believe Defendants would consent to such relief, but represented to me that the Department of Justice was unaware of any plans by the Bureau of Prisons to transfer Ms. Jones to a men's facility at that time.

4.      On February 20, 2025, I followed up with Mr. Robinson via email inquiring whether Defendants would be willing to consent to the entry of a TRO, or otherwise enter a stipulation that would protect Ms. Jones from transfer while the motion for a preliminary injunction is pending.  In response, Mr. Robinson informed me that Defendants would not consent to the entry of a TRO or enter a stipulation.  He added, "[a]s discussed, we are not aware of any current plans to transfer your client."

5.      Because Defendants would not consent to a court order that would protect Ms. Jones from transfer while the motion for a preliminary injunction was adjudicated, Ms. Jones filed a motion for temporary restraining order and preliminary injunction (the "Motion") on February 21, 2025.

6.      Ninety minutes after we provided Defendants with notice of the Motion and unredacted copies of the papers we intended to file, Mr. Robinson informed us that Defendants "may file a declaration under seal that identifies a men's facility that BOP has determined would safely house [my] client" in opposition to Ms. Jones's TRO motion.[1]

7.      Though Ms. Jones's Motion is now pending before this Court, I submit this supplemental declaration to notify the Court that it is now apparent that, not only does BOP have plans to transfer Ms. Jones to a men's facility, but it has also already identified a facility to which

---

[1]  The stated purpose of Mr. Robinson's email was to seek consent to provide counsel with an unredacted version of the declaration for "attorneys' eyes only."  Plaintiff does not consent to this treatment and will oppose any motion by Defendants for such protection.

it intends to transfer Ms. Jones.  Ms. Jones's risk of being transferred to a men's facility is therefore more imminent than it was when we initially filed the application to maintain the status quo on her behalf.  Thus, a TRO is necessary to ensure that the status quo remains, pending further proceedings in this case.

Pursuant to 28 U.S.C. § 1746, I affirm under penalty of perjury that the above statements are true and correct.

Dated: February 21, 2025                                  Respectfully submitted,

                                                         /s/ Jennifer Fiorica Delgado

                                                         Jennifer Fiorica Delgado (Bar No. NY296)
                                                         **Lowenstein Sandler LLP**
                                                         1251 Avenue of the Americas
                                                         New York, NY 10020
                                                         (862) 926-2029
                                                         jdelgado@lowenstein.com