JANE JONES, *et al.*,

               Plaintiffs,

     v.                                 Civil Docket No. 1:25-cv-401

PAMELA BONDI, in her official capacity as
Attorney General of the United States, *et al.*,

               Defendants.

## DEFENDANTS' MOTION TO STAY PROCEEDINGS

Defendants respectfully request that the Court stay further proceedings (except as noted below) until August 30, 2025. Defendants have appealed the preliminary injunctions issued in this case, and the D.C. Circuit has granted Defendant' Motion to Expedite Briefing and Argument. The D.C. Circuit's ruling on the appeal could inform further proceedings in this case, including narrowing the issues. A temporary stay of proceedings to await the D.C. Circuit's guidance would thus promote efficiency and conserve judicial and party resources. This Court recently granted a similar stay in the related case of *Doe v. McHenry*, 1 :25-cv-286, ECF No. 77. Defendants have conferred with Plaintiffs about this motion, and Plaintiffs indicate that they consent to the requested stay. Accordingly, this Court should exercise its discretion to temporarily stay further proceedings in this case.

## BACKGROUND

Plaintiffs are males diagnosed with gender dysphoria who are housed by the Federal Bureau of Prisons ("BOP") in women's facilities. Am. Compl. ¶¶ 25-29. Plaintiffs brought this suit on February 10, 2025, to challenge, among other things, BOP's decision to transfer them to men's facilities. *Id*. at ¶¶ 32-42. On February 24, 2025, this Court issued a temporary restraining order and preliminary injunction enjoining the enforcement of relevant provisions of Executive Order 14168, including Section 4(a), against Plaintiff Jane Jones, then the only plaintiff in the case.

ECF No. 28.  Section 4(a) directs the Attorney General to ensure that males are not detained in women's prisons.

On February 28, 2025, Plaintiffs amended the complaint to add four more plaintiffs.  ECF No. 35.  After further briefing, the Court issued a new preliminary injunction on March 3, 2025, which covered those new plaintiffs.  ECF No. 46.  On April 2, 2025, Defendants appealed the preliminary injunctions.  ECF No. 62.  Defendants' appeal will focus only on whether transferring these inmates to men's facilities is illegal.

Defendants' answer to Plaintiffs' amended complaint is currently due on May 12, 2025. Pursuant to the Prison Litigation Reform Act, the preliminary injunctions will expire on May 25 and June 1, respectively, unless renewed.[1]  *See* 18 U.S.C. § 3626(a)(2).

## ARGUMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936); *see also Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 731 (D.C. Cir. 2012) (when a stay is issued "pursuant to the district court's inherent authority in the interest of judicial economy, 'the applicable jurisprudence appears in [*Landis*]'" (citations omitted)).  "Before exercising this power, a court must 'weigh competing interests and maintain an even balance' between them, taking into consideration the benefits of a stay, the hardship to the movant of denying a stay, and any injury to the nonmovant from issuing a stay."  *Hulley Enterprises Ltd. v. Russian Fed'n*, 211 F. Supp. 3d 269, 280 (D.D.C. 2016) (quoting *Landis*, 299 U.S. at 255).

### I.    Courts Routinely Stay Proceedings to Await Appellate Guidance.

Consistent with their discretionary power, judges in this District have routinely stayed proceedings to promote judicial economy and efficiency where the D.C. Circuit's ruling in the same or a related matter will bear on further proceedings before the district court.  *See, e.g.,*

---

[1] If Plaintiffs move to renew these two preliminary injunctions for 90 days, Defendants would not oppose it.

*Blumenthal v. Trump*, No. CV 17-1154 (EGS), 2019 WL 3948478 at \*3 (D.D.C. Aug. 21, 2019) ("The Court will also stay proceedings in this case pending the interlocutory appeal."); *Philipp v. Fed. Republic of Germany*, 253 F. Supp. 3d 84, 89 (D.D.C. 2017) ("[T]he Court concludes that it is appropriate to stay the proceedings while Defendants' interlocutory appeal is pending" and "shall not require Defendants to respond to the complaint and the parties to proceed with discovery at this time."); *Ready to Win v. Fed. Election Comm'n*, No. 22-cv-3282 (RDM), 2023 WL 10512144, at \*2 (D.D.C. July 28, 2023) (staying proceedings pending appeal of a related case, reasoning that discovery "may prove unnecessary or may be narrowed in light of the D.C. Circuit's decision"); *Univ. of Colo. Health Mem'l Hosp. v. Burwell*, No. 14-cv-1220, 2017 WL 535246, at \*12 (D.D.C. Feb. 9, 2017) ("Because many of the applicable issues may be resolved by the D.C. Circuit, and because the D.C. Circuit may otherwise provide instruction on the issues here, the Court finds a stay would serve the interests of judicial efficiency.").

Courts in other jurisdictions have stayed proceedings in similar circumstances. *See, e.g.*, *Minn. Voters Alliance v. Walz*, 494 F. Supp. 3d 610, 611–12 (D. Minn. 2020) (staying proceedings pending appeal of preliminary injunction because, among other things, the appeal was "likely to resolve some of the legal issues in dispute"); *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 545 F. Supp. 2d 1188, 1190 (D. Kan. 2008) (staying proceedings pending appeal of preliminary injunction to await appellate court's resolution of a legal issue that "would significantly advance the course of th[e] litigation" and best serve "the time and effort of the parties and the court"); *Bray v. QFA Royalties, LLC*, No. 06-cv-02528, 2007 WL 2688858, at \*1 (D. Colo. Sept. 12, 2007) (staying proceedings pending appeal of preliminary injunction because appellate court's "determination of the legal issues inherent in [the] preliminary injunction decision will edify further proceedings on those same . . . claims for permanent injunctive relief").

## II.    A Stay of Proceedings Will Promote Judicial Economy and Conserve the Parties' Resources.

In the instant case, a temporary stay of district court proceedings until August 30, 2025, would serve the interests of judicial economy and efficiency and conserve the parties' resources.

The D.C. Circuit has granted Defendants' Motion to Expedite Briefing and Argument, and if the D.C. Circuit rules on the appeal before the expiration of the preliminary injunctions or any renewal thereof, such a ruling likely will bear on further proceedings in this case, including potentially narrowing the issues in this case and the scope of any discovery. In particular, the D.C. Circuit's decision will likely shed light on the applicable Eighth Amendment standards, their applications to the unique context of transferring trans-identifying inmates like Plaintiffs to facilities consistent with their biological sex, and BOP's authority to make such placement decisions. Appellate guidance on these issues may affect further proceedings in this case, and thus a temporary stay to await such guidance is warranted.

As noted above, Plaintiffs consent to the requested stay. Further, as reflected in the attached Proposed Order, Defendants' request for a stay of proceedings does not extend to any motions to extend or renew the preliminary injunctions, any issue that may arise from compliance with those preliminary injunctions, the entry of any protective order, any motions to amend the complaint to add new plaintiffs and for preliminary injunctive relief regarding those plaintiffs, and other case management issues. Moreover, either side may move to lift the stay at any time.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court stay further proceedings until August 30, 2025.


Dated:                                Respectfully submitted,

                                      YAAKOV M. ROTH
                                      Acting Assistant Attorney General

                                      JEAN LIN
                                      Special Litigation Counsel

                                      /s/ *Alexander J. Yun*
                                      ALEXANDER J. YUN
                                      ELIZABETH B. LAYENDECKER
                                      Trial Attorneys
                                      U.S. Department of Justice

Civil Division, Federal Programs Branch
1100 L. Street, NW
Washington D.C. 20005
(202) 674-0255
Alex.Yun@usdoj.gov

*Counsel for Defendants*