UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

JANE JONES, et al.,

    Plaintiffs,

v.

PAMELA J. BONDI, *in her official capacity as* Attorney General of the United States, *et al.*,

    Defendants.

Case No.: 1:25-cv-00401-RCL

## [~~PROPOSED~~] ORDER GRANTING PRELIMINARY INJUNCTION

This Court entered a preliminary injunction in this dispute on November 17, 2025 (ECF No. 81). The injunction began on November 21, 2025, and will expire on February 19, 2026.

On February 2, 2026 the Plaintiffs moved the Court for entry of a new preliminary injunction, providing the same relief as in the November 17 injunction, to begin on February 19, 2026, and end on May 20, 2026. The Defendants do not oppose the Plaintiffs' motion for a new preliminary injunction. There are no newly discovered factual circumstances that necessitate a reassessment of the Court's prior holdings that the Plaintiffs have met their burden for preliminary injunctive relief or a reevaluation of the terms of that relief. Plaintiffs continue to meet their burden to prove preliminary injunctive relief is warranted.

Therefore, upon consideration of Plaintiffs' Motion for Renewed Preliminary Injunction and the entire record herein, it is hereby

**ORDERED** that the Plaintiffs' Motion is **GRANTED**; and it is further

**ORDERED** that the Defendants are hereby enjoined from implementing Sections 4(a) and 4(c) of Executive Order 14168 against Plaintiffs in this action for the period of February 19, 2026, to May 20, 2026; and it is further

**ORDERED** that, for the period of February 19, 2026 to May 20, 2026, the Defendants shall maintain and continue Plaintiffs' housing status in women's facilities and shall continue to provide their gender dysphoria treatment as it existed immediately prior to January 20, 2025.

In accordance with the Prison Litigation Reform Act, the Court finds that this preliminary injunction is narrowly drawn, extends no further than necessary to correct the harm that the Court finds requires preliminary relief, and is the least intrusive means necessary to correct that harm. 18 U.S.C. § 3626(a)(2). Plaintiffs have shown a substantial likelihood of success on their claim that implementation of sections 4(a) and 4(c) is or would be unlawful and is causing or would cause them immediate, irreparable harm. Because any application of Sections 4(a) and 4(c) to Plaintiffs would cause this serious and irreparable harm, a preliminary injunction preventing the implementation of those sections is necessary to correct the harm and is the least intrusive means necessary to do so. Furthermore, because this preliminary injunction prevents the implementation of only those sections of the Order for which Plaintiffs have demonstrated a likelihood of success on the merits and immediate, irreparable harm if a preliminary injunction is not entered, this order extends no further than necessary to correct the harm that requires this preliminary relief.

Finally, this Court has considered any adverse impact on public safety or on the operation of the criminal justice system caused by this relief and has given substantial weight to such impacts. *Id.* After this consideration, the Court has concluded and so finds that no adverse impacts on public safety or the operation of the criminal justice system will result from maintaining the status quo of Plaintiffs' medical care and housing status while this litigation proceeds.

IT IS SO ORDERED.

Dated: _February 12_, 2026    _____
United States District Judge