**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JANE JONES, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>TODD BLANCHE, in his official capacity as Acting Attorney General of the United States, *et al.*,<br><br>Defendants. | Civil Action No. 25-401 (RCL) |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE**
**TO FILE A MEMORANDUM OF LAW IN EXCESS OF THE PAGE LIMIT**

Plaintiffs seek leave to file a brief in support of their motion for a temporary restraining order and preliminary injunction that is almost 50% longer than the Local Rules contemplate. Pls. Mot. (ECF No. 93); *see* LCvR 7(e) (45-page limit). Defendants agreed to extend the page limit from 45 to 50 pages but opposed Plaintiffs' motion because 65 pages—particularly on top of the numerous declarations that are expected—is unreasonable and would prejudice Defendants. The Court should therefore deny Plaintiffs' motion.

On April 17, 2026, almost four weeks ago, the D.C. Circuit vacated this Court's preliminary injunctions and remanded for further proceedings. *Doe v. Blanche*, 172 F.4th 901 (D.C. Cir. 2026).[1] Plaintiffs state that they need this page enlargement because they "will set forth individualized evidence regarding each Plaintiff's 'particular vulnerabilities'" pursuant to *Doe.* Pls. Mem. at 2 (ECF No. 93-1). But as Plaintiffs themselves acknowledge there is significant overlap in the cases as they involve "common questions of law and fact [that] arise from the same Executive Order and related

---

[1] The mandate is expected to issue on June 8, 2026. Order, Apr. 17, 2026, No. 25-5099 (D.C. Cir.).

Bureau of Prisons policies and actions [and entail] overlapping constitutional and statutory claims." Pls. Mot. to Consol. at 2 (*Doe v. Blanche*, Civ. A. No 25-286, ECF No. 111).  And since the last round of preliminary injunction briefing, the number of plaintiffs has decreased from 20 to 15.  Pls. Mem. at 2 (ECF No. 93-1).

Page limitations are designed to conserve judicial and litigant resources by compelling the parties to advance only their best arguments and to do so concisely.  Although there are circumstances when enlargements are warranted, this is not one of them.  While Plaintiffs have the right to move for preliminary relief on any or all seven counts in their Complaint, they must do so within the rules, including the page limitation imposed by the local rules.

For example, Plaintiffs apparently plan to brief their gender dysphoria medical treatment claims.  Pls. Mem. at 2.  But Plaintiffs are part of the *Kingdom* class.  As Defendants discussed with Plaintiffs, because Plaintiffs "have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time," *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000), the proper recourse here is to dismiss or stay the medical care claims, *see, e.g.*, *Lopez v. Ferguson*, 361 F. App'x 225, 226 (2d Cir. 2010) (affirming dismissal of suit when plaintiffs are part of class action with duplicative claims); *McNeil v. Guthrie*, 945 F.2d 1163, 1165–66 (10th Cir. 1991) (finding that individual suits cannot be brought where a class action with the same claims exists); *Bennett v. Blanchard*, 802 F.2d 456, 456 (6th Cir. 1986) (holding that the lower court was correct in dismissing a case when plaintiff was a member in a parallel class action); *Goff v. Menke*, 672 F.2d 702, 704 (8th Cir. 1982) (holding that a class member "should not be able to prosecute a separate equitable action once his or her class has been certified"); *Silvious v. Ungar's Food Prods. Inc.*, Civ. A. No. 10-0639 (JDB), 2010 WL 3324747, at *1–2 (D.D.C. Aug. 24, 2010) (dismissing case where substantially similar claims were proceeding in a class action lawsuit).  Plaintiffs nevertheless have the right to pursue their medical treatment claims, but they should not be rewarded with an enlargement of pages to do so.

2

Plaintiffs' argument that they would be entitled to 135 pages total in the three cases if the cases are not consolidated is a straw man. Pls. Mem. at 2. Plaintiffs' cases were filed separately primarily because there were three sets of lawyers. But Plaintiffs have now moved for consolidation, the very purpose of which is to increase efficiency and enhance judicial economy, among other things;. Pls. Mot. to Consol. at 2. In these circumstances, the 135-page, 3-brief option is not an appropriate alternative. Pls. Mem. at 2. To be sure, Plaintiffs were able to address the consolidated appeal concerning the primary Eighth Amendment claim involving 18 plaintiffs (now down to 15) in 54 pages, size 14 font (about 35—40 pages in 12-point font). Consol. Br., June 30, 2025, No. 25-5099.

Defendants will be prejudiced if the Court grants Plaintiffs' motion. The D.C. Circuit issued its decision almost four weeks ago and now just five business days before the preliminary injunctions expire, Plaintiffs have not moved for additional preliminary relief. If the Court permits Plaintiffs to file a 65-page brief, Defendants will need to respond to the extra-large briefing in an extremely compressed timeframe and the Court will need to sort through 100+ pages of briefing (plus declarations) and likely make a decision in advance of the May 20 preliminary injunction expiration.[2]

The Court therefore should deny Plaintiffs' motion.

---

[2] Relatedly, extending that deadline for the purpose of this briefing would be improper because the D.C. Circuit has determined that the existing preliminary injunctions are invalid and because it would contravene the PLRA. *See* 18 U.S.C. § 3626(a)(2) (preliminary injunction "automatically expire[s]" 90 days after entry).

Dated: May 13, 2026

Respectfully submitted,
BRETT A. SHUMATE
Assistant Attorney General

JEAN LIN
Special Litigation Counsel

/s/ *M. Jared Littman*
M. JARED LITTMAN
ELIZABETH B. LAYENDECKER
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington D.C. 20005
Jared.littman2@usdoj.gov

4